FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 09 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEORGE RODRIGUEZ,

                Petitioner,

        -against-

ADA PEREZ, Superintendent,
Downstate Correctional Facility

                Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
09-CV-2914 (SLT) (RML)

**TOWNES, United States District Judge:**

Petitioner George Rodriguez ("Petitioner"), proceeding *pro se*, brings a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner raised two grounds in his petition: 1) his attorney provided him with ineffective assistance of counsel because he a) did not advise Petitioner of the affirmative defense to Robbery in the First Degree of inoperability of a gun prior to the plea proceeding and b) failed to challenge the legal sufficiency of the prosecutor's grand jury presentation on the grounds that the prosecutor did not instruct the grand jury on the inoperability defense; 2) his guilty plea was not knowingly, voluntarily, and intelligently made because the Court did not inform him of the affirmative defense that the gun was inoperable. By order dated December 4, 2009, this Court referred the petition to Magistrate Judge Robert M. Levy ("Judge Levy") for a Report and Recommendation. In a report and recommendation dated October 13, 2010 and attached hereto (the "R&R"), Judge Levy recommended that the petition for a writ of habeas corpus be denied. Petitioner objects to the R&R, asserting two points: 1) Judge Levy's determination that "the record constitutes unquestionable documentary proof that petitioner was aware of the affirmative defense…and agreed to waive such defense, is unfair and unfounded"; and 2) Judge Levy erred in his determination that the Court's inquiry need not

1

proceed past the first prong under *Strickland v. Washington*, 466 U.S. 688, 687 (1984), "merely because [defense] counsel obtained an advantageous plea." For the reasons set forth below, this Court concurs with Judge Levy and, accordingly, adopts the R&R in its entirety and denies the petition.

## I. BACKGROUND

The Court presumes familiarity with the factual background in this matter, as detailed in the Report & Recommendation.

## II. DISCUSSION

In light of Plaintiff's *pro se* status, this court reads Plaintiff's submission liberally. In reviewing plaintiff's objections, this Court applies the standard of review set forth in 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3) of the Federal Rules of Civil Procedure. Under both of these provisions, a district court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3). Upon *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The Judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Both of Petitioner's objections concern the first portion of the first ground on which his petition relies: ineffective assistance of counsel due to failure to advise Petitioner, prior to the plea proceedings, of the affirmative defense to Robbery in the First Degree of inoperability of the gun which the defendant used in the crime. Petitioner's objections do not address Judge's Levy's determinations regarding the second aspect of the ineffective assistance of counsel claim

- failure to challenge the legal sufficiency of the grand jury presentation. Additionally, Petitioner's second ground for relief, regarding whether his guilty plea was knowingly, voluntarily, and intelligently made, was not rejected by Judge Levy on the grounds that "the record constitutes unquestionable documentary proof that petitioner was aware of the affirmative defense." Instead, Judge Levy did not reach the merits of the second ground because the state court determined, based on independent and adequate state law grounds, that the claim was not preserved for appellate review. (R&R at 14-17.) Petitioner did not object to this determination either. There is no need to review *de novo* the portions of the R&R to which Petitioner does not object. Nonetheless, this Court has reviewed these portions for clear error, and concurs with Judge Levy's conclusions. *See* Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition) (When no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record"); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

Further, this Court does not find merit in Petitioner's actual objections. In Plaintiff's first objection, he argues that the "determination that the record constitutes unquestionable documentary proof that the petitioner was aware of the affirmative defense to the first-degree robbery charges and agreed to waive such defense, is unfair and unfounded." (Petitioner's Objection to Judge Levy's Report and Recommendation ("Pet. Obj.") at 1.) However, after reviewing the record, it is clear that Petitioner was informed and aware. During Petitioner's plea colloquy, he stated that he had used "an inoperable handgun, 9-millimeter" in the commission of the crimes. (Plea Tr. at 11.) The Court then stated that "[w]ith respect to Rob[bery] 1, it's an affirmative response [sic] that the gun was inoperable.[1] (*Id.*) Defense counsel asked to approach

---

[1] In denying the motion to vacate the judgment of conviction filed by Petitioner in state court, the state court concluded that "[b]ased on the context of these remarks it is clear that the Court Reporter typed the word 'response'

3

the bench and a bench conference was held off the record. (Plea Tr. at 11.) When the conference concluded, defense counsel stated on the record:

> [M]y client would say that he robbed the place with a gun. He is not an expert who could testify whether it's operable or not, is his position. So, he is willing to admit that he robbed the place with the gun, and he understands that a defense would exist at trial, and that he is waiving that defense at this time in order to avail himself of this plea.

(*Id.* at 12.) The court then asked Petitioner if he did in fact display "what appeared to be a pistol" during the relevant crime to which Petitioner responded affirmatively. (*Id.*) The court continued by asking: "Do you understand, by pleading guilty you waive any right to a defense that you would be able to present at trial?" (*Id.*) Petitioner responded "[y]es, your Honor." (*Id.*)

Petitioner takes issue with the state court's determination that the court actually used the phrase "affirmative defense" and it was merely transcribed in error. (Pet. Obj. at 1.) However, even assuming, for the sake of argument, that the court said "affirmative response," there is still ample evidence that Petitioner's counsel made him aware that using an inoperable gun is a defense to Robbery in the First Degree. After the bench conference, defense counsel stated on the record that Petitioner "underst[ood] that a defense would exist at trial" but that Petitioner agreed to waive it "in order to avail himself of [the] plea." (Plea Tr. at 12.) Petitioner was present as his counsel made these statements, and then the court underscored defense counsel's words by confirming with Petitioner that he understood he was waiving any right to a defense that he could present at trial. (*Id.*) Petitioner makes an additional argument that defense counsel stating that Petitioner "is not an expert who could testify whether [a gun is] operable or not," led Petitioner to believe he could not have proven the defense even if he had gone to trial because Petitioner was not, himself, an expert. (Pet. Obj. at 2; Plea Tr. at 12.) However, this Court finds

---

in error and that [the] actual word used by this Court was 'defense.'" (Decision & Order, dated August 8, 2008, at 4 n.1.)

4

no merit to that argument given the fact that, at the time of the plea allocution, defense counsel clearly stated the following: "...[Petitioner] understands that a defense would exist at trial, and that he is waiving that defense at this time in order to avail himself of this plea." (Plea Tr. at 12.) Defense counsel's statements, along with the subsequent questioning by the court, make it clear that there was no deficiency in defense counsel's actions. The Court accordingly agrees with Judge Levy's determination on this point.

Petitioner's second objection is that Judge Levy erred in "concluding that petitioner did not get past the first prong of *Strickland* merely because [defense] counsel obtained an advantageous plea." (Pet. Obj. at 3.) Judge Levy considered the benefits of the plea bargain in the context of Petitioner's choice to waive his defense in order to obtain the advantageous plea. (R&R at 11-12.) However, Judge Levy's decision not to proceed to the second prong was not based "merely" on the fact that defense counsel "obtained an advantageous plea," but on the determination that defense counsel clearly provided adequate assistance both in obtaining an advantageous plea and, as discussed above, in informing Petitioner that his defense would have to be waived in order to accept such a plea. However, construing this objection liberally, the Court considers *de novo* the issue of whether the second prong of *Strickland* needed to be reached regarding the waiver of the defense and the plea.[2]

In order to prove ineffective assistance of counsel, Petitioner must establish two elements:

---

[2] The Court does not consider Petitioner's second objection to apply to the portion of the R&R concerning ineffective assistance based on a failure to challenge the legal sufficiency of the prosecutor's grand jury presentation because, as distinguished from the discussion of the waiver of the defense and the plea, there was no separate and distinct prong one and prong two analysis in that portion of the R&R, and there was no discussion of the plea. Instead, Judge Levy based his rejection of Petitioner's arguments regarding that point on the fact that, under New York law, the prosecutor had no obligation to instruct the grand jury on mitigating defenses, such as the inoperability defense, but only on complete defenses to the crime and, further, there can be no denial of effective assistance for failure to make arguments that have little or no chance of success. (R&R at 12-14) Nevertheless, this portion of the R&R has been reviewed by this Court for clear error on its face as noted above.

> First, the [Petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Unless a defendant makes both showings*, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687 (emphasis added). As discussed above, this Court has determined that Petitioner was made aware, both by his counsel and by the court, that he was waiving an inoperability defense in order to accept the plea. There is no merit to Petitioner's argument that defense counsel made errors regarding Petitioner's plea. Therefore, Petitioner cannot establish that defense counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the constitution. (*Id.*) As the Supreme Court has established, both *Strickland* elements are required in order to establish ineffective assistance of counsel. (*Id.*) As Petitioner fails to establish the first element, he cannot prove his claim and his petition must fail. It is unnecessary to consider whether a deficient performance prejudiced the defense when Petitioner has failed to establish a deficient performance in the first place.

## III. CONCLUSION

For the reasons stated above, this Court concurs with Judge Levy's conclusions and adopts the Report and Recommendation. Accordingly, the petition for a writ of habeas corpus is denied.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: July 30, 2012
Brooklyn, New York